**No. 23-15213**

_____

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

**TWINROCK HOLDINGS, LLC,**
*Plaintiff - Appellant,*
*v.*
**CITIMORTGAGE, INC**.
*Defendant - Appellee*,

**BRECKENRIDGE PROPERTY FUND 2016, LLC**
*Defendant - Appellee,*

**NATIONAL DEFAULT SERVICING CORPORATION,**
*Defendant - Appellee.*

_____

On Appeal from the United States District Court
District of Nevada
Before the Honorable Jennifer A. Dorsey, Judge
[District Court No. 2:22-cv-00143-JAD-VCF

_____

**APPELLANT'S REPLY BRIEF**

_____

JOHN HENRY WRIGHT, ESQ.
Nevada Bar No. 6182
The Wright Law Group, P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Telephone: (702) 405-0001

*Attorneys for Appellant*
*Twinrock Holdings, LLC*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv, v

I.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.  Whether CITI's Abandoned The Deed of Trust is Irrelevant for
        Purposes of NRS § 106.240.  What is Relevant is That The
        Bankruptcy Accelerated the Debt, Making It Wholly Due, Then
        Discharged . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.  NRS § 106.240 Allows Ten Years to Satisfy a Wholly Due Debt . . . 2

    C.  The Deed of Trust was Terminated under NRS 106.240 . . . . . . . . . 3

    D.  Federal Bankruptcy Law Accelerated The Debt . . . . . . . . . . . . . . . 5

    E.  Courts Within The Ninth Circuit are Divided On The
        Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    F.  There Is No Claim Preclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    G.  There Is No Equitable Tolling. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    H.  CITI Does Not Show That The Berwick's are Solvent or That They
        Were Oversecured At The Time of the Bankruptcy to Avoid the
        Unmatured Interest Rule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    I.  TWINROCK Does Not Contend That The Deed of Trust Could
        Not be Foreclosed If It Were Done I A Timely Fashion Seeking
        Only Those Amounts Permitted By Law . . . . . . . . . . . . . . . . . . . . 15

    J.  The Bona Fide Purchaser Statute Applies To TWINROCK. . . . . . . 17

II.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

ii

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

**CASES:**

*Bergenfield v. Bank of Am.*,                                                      302
P.3d 1141, 1143 (Nev. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Boeing North America v. Ybarra*,
424 F.3d 1018, 1022 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cervantes v. Countrywide Home Loans, Inc.*,                                        656
F.3d 1034, 1039 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Clayton v. Gardner*,                                                              107
Nev. 468, 469-470, 813 P.2d 997, 998 (1991), . . . . . . . . . . . . . . . . . . . . . . . . . .  17

*Cox v. Eighth Judicial District Court*,
124, Nev. Adv. Op. 78 (October 2, 2008), . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Edelstein v. Bank of N.Y. Mellon*,
286 P.3d 249, 254 (Nev. 2012), . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Edmundson v. Bank of America, N.A.*,
378 P.3d 272 (2016), . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hanover Nat'l Bank v. Moyses*,
186 U.S. 181, 189 (1902), . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*HSBC Bank USA v. Calpine Corporation*,                                            2010
U.S. Dist. LEXIS 96792; 2010 WL 3835299 at 9-14 (Sept. 15, 2010) . . . . . . . . . 16

*In re Manville Forest Prods. Corp.*,
43 B.R. 293, 297-298 (Bankr. S.D.N.Y. 1984), aff'd in part, rev'd in part, 60 B.R.

403 (S.D.N.Y. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *en passim*

*In re Skyler Ridge*, 80 B.R. 500;
1987 Bankr. LEXIS 1935 (Dec. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Jarvis v. Federal National Mortgage Association*,
Case No. 17-35428 (June 14, 2018) (Unpublished) . . . . . . . . . . . . . . . . . *en passim*

*Merritt v. USAA Fed. Sav. Bank*,
2033 Wash. LEXIS 376 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pro-max Corp. v . Feemstra*
117 Nev. 90 16 P3d 1074 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Von Hoffman v. City of Quincy*,
71 U.S. 535 (1866),. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*West Coast Servicing, Inc. v. Kassler*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**STATUTES:**

NRS § 106.240 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *en passim*

**COURT RULES:**

FRAP Rule 25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**OTHER:**

11 U.S.C. § 502(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# I.  ARGUMENT

### A.  Whether CITI's Abandoned The Deed of Trust is Irrelevant for Purposes of NRS § 106.240.  What is Relevant is That The Bankruptcy Accelerated the Debt, Making It Wholly Due, Then Discharged:

CITI mischaracterizes TWINROCK's argument to be that CITI abandoned the Deed of Trust.  This is a straw argument never presented by TWINROCK.  Again, TWINROCK's argument is clear.  The Bankruptcy had the effect of making the debt wholly due upon the filing of the petition, and certainly no later than the date of discharge on July 6, 2010.  Under NRS § 106.240, the Deed of Trust is only enforceable for a period of ten years after the underlying debt becomes wholly due, afterwards it is **_terminated_**.  Whether or not CITI abandoned the Property or litigated the issue of priority over the HOA is not relevant and is certainly not at issue here.  The only real question before this Court is whether Federal Bankruptcy Law is controlling, as this Court concluded in *Jarvis v. Federal National Mortgage Association*, Case No. 17-35428 (June 14, 2018) (Unpublished).

The Deed of Trust at issue herein is extinguished as a matter of law. The discharge in bankruptcy by Berwick caused the debt to become wholly due and owing as of that date.  CITI did not commence foreclosure until September 9, 2021, more than eleven (11) years after the debt was discharged and almost 13 months after the Deed of Trust was deemed terminated as a matter of law under NRS § 106.240.

1

**B.     NRS § 106.240 Allows Ten Years to Satisfy a Wholly Due Debt:**

NRS § 106.240 provides:

The lien heretofore or hereafter created of **any** mortgage or **deed of trust** upon any real property, appearing of record, and not otherwise satisfied and discharged of record, ***shall at the expiration of 10 years* after the debt** secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof **become wholly due**, *terminate*, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged. (Emphasis added)

In *Pro-max Corp. v . Feemstra,* 117 Nev. 90 16 P3d 1074 (2001), the Nevada Supreme Court noted that NRS § 106.240 "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due," and ruled that "the conclusive presumption contained in NRS § 106.240 clearly and unambiguously applies without limitation to all debts secured by deeds of trust on real property." As the debt secured by the Deed of Trust has been wholly due for a period exceeding ten (10) years, without extension, same has been terminated as a matter of law pursuant to NRS § 106.240. CITI insists, without any support, that this statute somehow does not apply. Instead, CITI twists the language of an unpublished decision, *West Coast Servicing, Inc. v. Kassler*, an unpublished decision of the Nevada Supreme Court, and, misstates the decisions contained therein. In *Kassler*, the Nevada Supreme Court reversed an injunction that held a bankruptcy discharge rendered a loan wholly due under NRS 106.240. The Nevada Supreme Court did not address the

issues of whether the filing of the bankruptcy petition rendered the loan "wholly due" or that the lender was attempting to collect amounts through the sale of the security that it was not entitled to collect.

> Finally, Kassler appears to suggest for the first time on appeal that the filing of her bankruptcy *petition* (as opposed to her bankruptcy *discharge*) was the event that rendered her loan"wholly due" for the purposes of NRS 106.240. We decline to address this argument because it was not raised below. *See Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 52, 623 P.2d 981, 983 (1981)("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.") Similarly, Kassler contends that the unpaid balance listed on WCS's Notice of Sale includes amounts that WCS is not entitled to collect. We likewise decline to address that issue because Kassler did not raise it in district court and it did not otherwise form a basis for the district court's decision to grant the preliminary injunction.
> *Kassler*, Order of Reversal and Remand,*5-6 (June 16, 2023)(No. 84122).

CITI then goes on to refer to the Nevada Supreme Court's discussion of this Court's *Jarvis* decision (which remains controlling in this Court) as if the Nevada Supreme Court has expressly rejected *Jarvis*, which it did not. The Nevada Supreme Court did recognize that a subsequent decision in Washington on the issue of *Jarvis* is currently on appeal to the Washington Supreme Court.

## C.     The Deed of Trust was Terminated under NRS 106.240.

TWINROCK does not argue that the Deed of Trust became unenforceable after the discharge. This is a false narrative created by CITI to obfuscate the issue. The

acceleration occurs as a matter of law under applicable federal bankruptcy law at the time Berwick filed bankruptcy. This acceleration was acknowledged by the United State's Senate during the comment period on the bill process.

> Paragraph (2) [of 11 U.S.C. 502(b)]requires disallowance to the extent that the claim is for unmatured interest as of the date of the petition. Whether interest is matured or unmatured on the date of bankruptcy is to be determined without reference to any ipso facto or bankruptcy clause in the agreement creating the claim. Interest disallowed under this paragraph includes postpetition interest that is not yet due and payable, and any portion of prepaid interest that represents an original discounting of the claim, yet that would not have been earned on the date of bankruptcy. For example, a claim on a $1,000 note issued the day before bankruptcy would only be allowed to the extent of the cash actually advanced. If the original discount was 10 percent so that the cash advanced was only $900, then notwithstanding the face amount of note, only $900 would be allowed. If $900 was advanced under the note some time before bankruptcy, the interest component of the note would have to be prorated and disallowed to the extent it was for interest after the commencement of the case.

> Section 502(b) thus contains two principles of present law. First, interest stops accruing at the date of the filing of the petition, because any claim for unmatured interest is disallowed under this paragraph. ***Second, bankruptcy operates as the acceleration of the principal amount of all claims against the debtor.***

S. REP. No. 95-989, 95th Cong., 2d Sess. 2 (1978) (emphasis added).

Under NRS 106.240, the Deed of Trust is only enforceable for a period of ten years after the underlying debt, the NOTE, became wholly due through acceleration in Bankruptcy. Afterwards it, the Deed of Trust, is ***terminated***. *Jarvis* establishes the starting date for the running of a statute to foreclose as the installment due

immediately prior to the date of discharge. TWINROCK asserts in its Complaint and reasserts herein, acceleration occurs on the date the bankruptcy is filed. *In re Manville Forest Prods. Corp.*, 43 B.R. 293, 297-298 (Bankr. S.D.N.Y. 1984), aff'd in part, rev'd in part, 60 B.R. 403 (S.D.N.Y. 1986), 11 U.S.C. 101(5)(A) (previously (4)(A) when *Manville* was decided) and 502. *Jarvis* sets the date for the commencement of whatever state period of limitation would apply to extinguish a lien. TWINROCK is bound to follow that determination (until reversed or altered).

CITI did not commence foreclosure until September 9, 2021, eleven (11) years and one (1) month after the discharge of the Note in bankruptcy on July 6, 2010, and twelve (12) years after the alleged last payment in August of 2009. The deed of trust was terminated as a matter of law under NRS 106.240 at least thirteen (13) months prior to the recording of the Notice of Default.

### D.    Federal Bankruptcy Law Accelerated The Debt:

The issue is not whether a lender took an action to accelerate. It is what the terms of the Note[1] provide and what existing law dictates. The Deed of Trust in this matter refers repeatedly to the Note and defers to the terms of the Note and amounts

---

[1] NRS 106.240 speaks to the terms of the debt. The debt is the Note. The deed of trust merely operates to guaranty payment of the debt through alternate means. However, CITI argues the statute refers to the deed of trust. To that extent, we discuss the language of the deed of trust. However, for purposes of the incorporation of the terms of the bankruptcy code- both instruments being contracts, both fully incorporate same as provided by the authorities cited here, thus the result is the same.

due pursuant to the Note. The entire federal bankruptcy code is controlling law governing the Note and the Deed of Trust. The United States Supreme Court in *Von Hoffman v. City of Quincy*, 71 U.S. 535 (1866), explained as follows:

> [i]t is also settled that the law which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, **as if they were expressly** ... **incorporated in its terms**. This principle embraces alike those which affect its validity, construction, discharge, and enforcement.

*Id*. at 550, see also *Hanover Nat'l Bank v. Moyses*, 186 U.S. 181, 189 (1902) (holding that "all contracts were made with reference to existing [bankruptcy] laws."). Not only is the existing Code read into contracts in order to fix obligations as between the parties, but future amendments to the Code under "the reservation of essential attributes of sovereign power [are] also read into contracts as a postulate of the legal order."[2] Regardless of any other claim or contention, the bankruptcy law is an inherent part of CITI's Deed of Trust and if bankruptcy law accelerates the debt[Note], the Deed of Trust cannot undo an act of law. Applying the "plain language" of the Deed of Trust, the maturity date or the "wholly due" date is subject

---

[2]

David S. Kupitz, *The Bankruptcy Code is an Implicit Part of Every Contract: Minimizing the Impact of Chapter 11 on the Non-Debtor's Bargain*. The Business Lawyer, Volume 54 (November 1998); citing *Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 435 (1934); and *Wright v. Union Cent. Life Ins. Co.*, 304 U.S. 502, 516, 518 (1938) ("The mortgage contract was made subject to constitutional power in the Congress to legislate on the subject of bankruptcies. Impliedly, this was written into the contract. . . . [I]f Congress is acting within its bankruptcy power, it may authorize the bankruptcy court to affect . . . property rights, provided the limitations of the due process clause are observed.")

to alteration by bankruptcy law and, since bankruptcy occurred in this case, the "wholly due" date became the date the petition was filed by operation of law. This is what the law says happens.

The date in the Note that states that payments are due before is not the maturity date or "wholly due" date due to the operation of bankruptcy law. First, the last date that Berwick owed any money under the Note was the date they were discharged in bankruptcy. Second, Bankruptcy accelerates the Note as identified by the United States Senate in 1995. Sen Rep 95-989. Third, there is no other person or entity who owes a single payment under the Note. Only Berwick. Their discharge ended all installments. Nothing else is due because there is noone against whom the payments became due. The Note is against the person, not the Property. The Deed of Trust expressly states that it is subject to applicable federal law. This means that the terms of the Deed of Trust are subject to bankruptcy law. Bankruptcy law accelerated the Note on the date the petition was filed. The Note has not been reinstated. It remains accelerated by law and wholly due as of the date of the filing of the bankruptcy petition.

A Promissory Note and Deed of Trust are not one in the same: "the note represents the <u>right to repayment of the debt</u>, while the [deed of trust] . . . represents the <u>security interest in the property</u> that is being use to secure the note,." (emphasis

added). *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 254 (Nev. 2012). Thus, in order to foreclose on a property by way of a Deed of Trust "[t]he deed and note must be held together because the holder of the note is only entitled to repayment, and does not have the right under the deed to use the property as a means of satisfying repayment." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011). "This requirement stems from the fact that a deed of trust is a lien on the property to secure the debt and the beneficiary of the deed alone does not have a right to repayment on the loan." *Bergenfield v. Bank of Am.*, 302 P.3d 1141, 1143 (Nev. 2013). Again, the Note is the instrument that entitles a beneficiary under a Deed of Trust repayment, and the beneficiary under a Deed of Trust, which is simply a security instrument, cannot use the Deed of Trust for repayment.

Pursuant to the above basic principals as to a Note and a Deed of Trust as confirmed by this Court, although the Deed of Trust was not extinguished by the bankruptcy discharge on July 6, 2011, the elimination of the repayment obligation under the Note absolutely and unequivocally was. This is undisputed by the parties. "A Chapter 7 bankruptcy discharge releases the debtor from personal liability for her pre-bankruptcy debts," *Boeing North America v. Ybarra*, 424 F.3d 1018, 1022 (9th Cir. 2005). A debtor is discharged from "all debts that arose before the date of the [discharge] order under [Chapter 7]. " *Siegal* at 532, (internal citations omitted).

8

### E. Courts Within The Ninth Circuit are Divided on the Issue Presented:

CITI argues that the Washington Supreme Court has rejected its prior holding in *Edmundson v. Bank of America, N.A.*, 378 P.3d 272 (2016), and this Court's holding in *Jarvis*, based on *Edmondson*. However, as recognized by Washington Supreme Court in *Merritt v. USAA Fed. Sav. Bank*, 2033 Wash. LEXIS 376, wherein the Washington Supreme Court again declined to recognize Federal Bankruptcy law, acknowledge that there are a significant number of courts, both Federal and State, that have adopted this Court's application of Federal Bankruptcy law to Deeds of Trust. In an extensive footnote, the Washington Supreme Court conceded:

> *n.8* We note that despite the lack of authority supporting *Edmundson*'s dicta, some subsequent cases (almost exclusively unpublished federal cases) adopted *Edmundson*'s dicta as a rule and applied or expanded it, *See, e.g., Jarvis v. Fed. Nat'l Mortg. Ass'n*, No. C16-5194-RBL, 2017 WL 1438040, 2017 U.S. Dist. LEXIS 62102 (W.D. Wash. Apr. 24, 2017) (court order), aff'd, 726 F.App's 666 (9th Cir. 2018) (mem.); *Hernandez v. Franklin Credit Mgmt. Corp.*, No. BR 18-01159-TWD, 2019 WL 3804138, 2019 U.S. Dist. LEXIS 136543 (W.D. Wash. Aug. 13, 2019) (court order), *aff'd sub nom. In re Hernandez*, 820 F. App'x 593 (9th Cir. 2020) (mem.); *Taylor v. PNC Bank, NA*, No. C19-1142-JCC, 2020 WL 4431465, *3-4 2020 U.S. Dist. LEXIS 136559, at *6-9 (W.D. Wash. July 31, 2020) (court order), *appeal dismissed sub nom. Taylor v PNC Bank, N.A.*, No. 20-35766, 2020 WL 7048194, 2020 U.S. App. LEXIS 37957 (9th Cir. 2020); *Spesock v. U.S., Bank, N.A.*, No. C18-0092JLR, 2018 WL 4613163, at *4, 2018 U.S. Dist.

9

LEXIS 165545, at *9-10 (W.D. Wash. Sept. 26, 2018) (court order); *see also Luv v. W. Coast Servicing, Inc.*, No. 81991-7-1 Wash. Ct. App. Aug. 2, 2021) (unpublished), https: //www.courts.wa.go/opinions/pdt/81997. pdf, review denied, 198 Wn.2d 1035 (2022); *Siverlnagel v. US Bank Nat'l Ass'n*, 2021 COA 128, ¶¶ 28-29, 503 P.3d 165 171, rev's on other grounds, 2023 Co 17, 528 P.3d 163.

Thus, even the Washington Supreme Court recognizes that other courts within the Ninth Circuit have disagreed with it and determined that Federal Bankruptcy law accelerates the debt making it wholly due upon discharge of the debtor.

### F. There is no Claim Preclusion.

None of the claims asserted herein were asserted in the prior litigation. This litigation only exists because CITI sought to foreclose more than 10 years after the bankruptcy discharge and has retained proceeds barred by bankruptcy. The prior litigation occurred before the 10 year time period expired. CITI did not record a notice of default under which improper amounts were sought to be recovered as part of the foreclosure until September 9, 2021.

CITI further argues that TWINROCK, or its predecessor, should have brought pre-emptive claims on potential future actions because, theoretically, some future action could have occurred and, therefore, the current claims could have been brought in the prior litigation. Given all of CITI's arguments about absurd results, it is hard to

10

accept this argument as anything more than a distraction argued on the off chance that a court may take the "could have" language to the extreme. The claim, that NRS 106.240 operated to bar the foreclosure, did not exist at any time during the prior litigation which concluded on September 24, 2018, nearly two (2) years before the NRS 106.240 claim arose.

TWINROCK  has to wait until CITI starts the foreclosure process after the bankruptcy in order to determine if CITI is seeking valid or improper recovery amounts.  To see if CITI's claims are limited to the amounts generated under the DOT (property insurance, HOA fees, property taxes as separately set forth in the DOT), amounts arising from the Note or both. Without CITI's act in commencing foreclosure in September 2021, TWINROCK has no claim to make. CITI is alleging that TWINROCK, or its predecessor, needed to bring claims that are speculative and not ripe in anticipation that CITI will act improperly for which the remedy is an advisory opinion from the court.  For instance, telling CITI to not seek amounts barred under Nevada's statute of limitation for installment payments. These issues were not raised in the lawsuit commenced in 2013, as they did not exist.

None of the cases cited by CITI require a party to argue unripe or pre-emptory claims under claim preclusion. TWINROCK is not relitigating anything. The passage of time with the lack of action from CITI has implicated a new statute that provides

a separate basis for the determination of the validity of the Note and title to the Property that did not exist during the course of the prior litigation. None of the cases cited requires a party to assert claims after final decision and full briefing on appeal. The fact remains that the prior litigation was concluded in 2018. The current claims did not arise until 2021. They are not claims that could have reasonably been brought in the prior litigation.

### G. There is No Equitable Tolling.

CITI claims that NRS 106.240 should be tolled due to the prior litigation. The problem is that there is no case cited that provides any standard for equitable tolling. TWINROCK cannot comment on CITI's unexpressed claims and basis for tolling without the specific elements of the basis for equitable tolling and how CITI claims the standard is met. Instead, CITI makes a generic claim that NRS 106.240 should only apply to cases where the Deed of Trust was an old and obsolete lien. Nothing in the plain language of NRS 106.240 limits its application to "old and obsolete" liens or mortgages. The lien merely has to be not satisfied or discharged. Not forgotten and left to collect dust, rather, just not enforced promptly. CITI fails to provide any valid reason why it did not foreclose within 10 years after the last payment or 10 years after the bankruptcy petition or discharge, nor why it did not attempt to foreclose in immediate response to the prior litigation. The only thing CITI sought was a

12

determination that its Deed of Trust survived an HOA foreclosure that occurred on November 13, 2012.

As previously noted, Berwick's last payment was July 2009. CITI recorded a Notice of Default against Berwick on November 20, 2010, more than sixteen (16) months after Berwick's last payment. The entire debt was discharged on July 6, 2011. The HOA foreclosure sale occurred on November 13, 2012. The original purchaser at the HOA foreclosure sale sued CITI on January 20, 2013 to quiet title. However, taking into account a brief period where the automatic stay was in place, between July 2009 and January 2013 CITI took no further action to enforce the Deed of Trust and, frankly, it would be pure speculation as to whether CITI would have ever taken any action had the HOA not foreclosed on its own lien and the purchaser no sought a clean title. CITI is seeking equitable relief but provides no act it performed that shows it has clean hands or is otherwise deserving of equitable relief. Clear and reliable land records would mean that unpaid liens not foreclosed within 10 years should be expunged, not tolled to some remote future time for the lien holder to finally get around to taking some action.

/ / /

/ / /

**H.   CITI Does Not Show That the Berwick's are Solvent or That They Were Oversecured at the Time of the Bankruptcy to Avoid the Unmatured Interest Rule.**

CITI's next attack asserts that the Unmatured Interest Rule does not apply in this case. The first line of cases speaks to enforcing a creditor's rights when the debtor is solvent.  Berwick filed a chapter 7 bankruptcy because they were not solvent. Berwick listed assets of $140,432.00 versus debts of $314,261.91. *See*, Summary of Schedules for filing, Case #10-14965-mkn, (ER5-730). The Berwicks were not solvent. The Unmatured Interest Rule applies.

As for the second prong, that the Unmatured Interest Rule does not apply because CITI is over-secured - this was not true at the time of the bankruptcy petition. The debt claimed at the time of filing was $173,246.00 and the value of the Property was listed at $124,000.00. Thus, CITI was under-secured by approximately $49,246. CITI was not over-secured and the Unmatured Interest Rule applies.

Further, CITI provides this Court with no evidence in support of its claims that Berwicks were solvent or that CITI was an over-secured creditor. These are both mere argument that do not support the application of an exception to the Unmatured Interest Rule that bars CITI from claiming the unmatured interest as part of the foreclosure herein. CITI's contention that interest can keep accruing is unsupported.

14

**I.      TWINROCK Does Not Contend That The Deed of Trust Could Not Be Foreclosed If It Were Done in a Timely Fashion Seeking Only Those Amounts Permitted By Law.**

CITI also argues that it can foreclose on any amounts it choses. This is not correct. 11 U.S. C. 524(a)(2) limits the amounts that can be collected against the Note. The Deed of Trust limits the amounts that can be used as the basis for foreclosure thereunder. The DOT is limited to those amounts due under the Note and those additional amounts under Sections 3, escrow items, 4, HOA fees, and 5, property insurance. All of the Note issues refer to the Note for the payment amounts and schedule.

The Note is personal. It went into bankruptcy and was altered. All that remains is the DOT right to foreclose to recovery whatever amount was left after the bankruptcy discharge.  Bankruptcy law provides protections from borrowers trying to reduce their payments under a Note.  There is nothing that "rehabilitates" the Note and treats it as if there was no bankruptcy.  The late fees only apply if payments are due and since the bankruptcy accelerated all of the remaining payments, there are no payments that come due or late fees that could accrue. The lien right to foreclose and the Note right to recover money are separate and distinct.   When the Note is discharged it ends. The remaining principle payments are accelerated and the unmatured interest is stripped and discharged as unsecured. 11 USC 502

Section 502(b) thus contains two principles of present law. ***First, interest stops accruing at the date of the filing of the petition, because any claim for unmatured interest is disallowed under this paragraph.*** Second, bankruptcy operates as the acceleration of the principal amount of all claims against the debtor.

S. REP. No. 95-989, 95th Cong., 2d Sess. 2 (1978), *In re Manville Forest Prods. Corp.*, 43 B.R. 293, 297-298 (Bankr. S.D.N.Y. 1984), aff'd in part, rev'd in part, 60 B.R. 403 (S.D.N.Y. 1986), *Skyler Ridge*, 80 B.R. 500; 1987 Bankr. LEXIS 1935 (Dec. 1987), *HSBC Bank USA v. Calpine Corporation*, 2010 U.S. Dist. LEXIS 96792; 2010 WL 3835299 at 9-14 (Sept. 15, 2010).

What is due under the Note? Just the past amounts due prior to the filing of the bankruptcy petition in January of 2011 and the remaining principal payments. Nothing more. None of the cases cited by CITI state differently. They just confirm that the lien can foreclose against the property. They do not permit the lender to run up fees and expenses to increase the amount of the lien.

CITI is seeking to recover monthly payments from August 2009. This is improper under bankruptcy law and under Nevada law. Under Nevada law, CITI could only seek to recover the last six years of monthly payments commencing on April 1, 2016 because each installment has a 6-year statute of limitation for collection from the date the installment comes due. That means that the August 2009 installment coming due on August 1, 2009 had to be pursued on or before August 1, 2015. NRS

11.090(1). *Clayton v. Gardner*, 107 Nev. 468, 469-470, 813 P.2d 997, 998 (1991). CITI is seeking over 6 years of time barred claims for interest, principal and other fees and expenses.

### J.    The Bona Fide Purchaser Statute Applies To TWINROCK:

It is undisputed that at the time TWINROCK purchased the property, November 15, 2018, the State Court had entered a Judgment expressly stating that the Property was free and clear of the Deed of Trust.  The Order was recorded in the office of the Clark County Recorder as Instrument No. 20181106:0002793.  To protect its interest, CITI was required to request a stay of the order/judgment and post a supercedes bond. CITI chose not to stay or supercede the order/judgment pending its appeal to the Nevada Supreme Court.

CITI completely ignores the Nevada Supreme Court ruling in *Cox v. Eighth Judicial District Court*, 124, Nev. Adv. Op. 78 (October 2, 2008), which confirmed the finality of sales of real property based on a judgment effecting real property that was later reversed.  The Court held that an appellant such as CITI must be proactive by seeking a stay of the judgment pending the appeal wherein failure to do so will be fatal to his claim against a subsequent purchaser pending the appeal.

CITI attempts to excuse its lack of responsibility, by claiming that because there were other cases involving HOA foreclosures, TWINROCK cannot be a good faith

purchaser.  In this case, the question is not whether TWINROCK was aware of CITI's prior claims.  Rather, the recorded documents reflected that CITI's claims had been adjudicated and it was determined that the prior HOA sale was valid and the Deed of Trust no longer attached to the Property.  It was absolutely fatal for CITI to fail to seek a stay of the district court's order/judgment of September 24, 2018 pending appeal.  The subsequent judgment, issued two years later, was only to Premier One Holdings and had no effect whatsoever on TWINROCK having purchased the subject property on November 15, 2018, at a time when all recorded documents reflected that the property was free and clear of CITI's Deed of Trust.   The rules requiring CITI to take affirmative steps to protect its interest during the pendency of an appeal are in place for a reason and should not be ignored.

/ / /

/ / /

/ / /

/ / /

## II.  <u>CONCLUSION</u>

The Deed of Trust was terminated by law and the subsequent foreclosure thereon and sale of the property by CITI was wrongful. Even if the DOT is still viable, CITI is also attempting to collect unmatured post bankruptcy interest in violation of Federal law.  Based on all the foregoing, TWINROCK HOLDINGS, LLC respectfully requests that this Court  reverse the District Court's decision and remand the case for further action in accordance with the arguments presented herein.

DATED this 6th day of September, 2023.

Respectfully submitted by:
**THE WRIGHT LAW GROUP, P.C.**

/s/ *John H. Wright, Esq.*
JOHN HENRY WRIGHT, ESQ.
Nevada Bar No. 6182
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada   89102

*Attorney for Appellant*
*TWINROCK HOLDINGS, LLC*

19

## CERTIFICATE OF COMPLIANCE

I certify that this appellate brief complies with the type-volume limitations as set forth in Rule 32 of the Federal Rules of Appellate Procedure. The brief has been prepared using Times New Roman, 14-point font, and contains a total of 4,760 words proportionally spaced.

DATED this 6th day of September, 2023.

Respectfully submitted by:
**THE WRIGHT LAW GROUP, P.C.**

/s/ *John H. Wright, Esq.*
JOHN HENRY WRIGHT, ESQ.
Nevada Bar No. 6182
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102

*Attorney for Appellant*
*TWINROCK HOLDINGS, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned does hereby certify that on this 6th day of September, 2023,

pursuant to FRAP Rule 25, a true and correct copy of the foregoing **APPELLANT'S**

**REPLY BRIEF** was duly served via this Court's electronic filing system upon the

following:

**WOLFE &WYMAN LLP**
David T. Blake, Esq.                      dtblake@ww.law

*Attorneys for Defendant Citimortgage, Inc.*

**TIFFANY & BOSCO, P.A.**
Krista J, Nielson, Esq.                   knielson@tblaw.com

*Attorneys for Defendant National Default Servicing Corporation*

**WEDGEWOOD, LLC**
Casey J. Nelson, Esq.                     caseynelson@wedgewood-inc.com
Brandon Trout, Esq.                       btrout@wedgewood-inc.com

*Attorneys for Defendant Breckenridge Property Fund 2016, LLC*

　　　　　　　　　　　　/s/ *Dayana Shakerian*
　　　　　　　　　　An Employee of **The Wright Law Group, P.C.**

21